# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JEFFERY BURKHOLDER, SR., MARTIN GROOMS, and SOFIA ROSALES, on behalf of themselves and all other Plaintiffs similarly situated known and unknown, )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, ) | |
| v. ) | Case No. 1:08-cv-273 |
| CITY OF FORT WAYNE, ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the District Court in this collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), is a Joint Motion for Addition of New Plaintiffs, Final Class Certification and Approval of Settlement (Docket # 71) filed by Plaintiffs Jeffrey Burkholder, Sr., Martin Grooms, and Sofia Rosales (together, the "Named Plaintiffs"), individually and on behalf of others whom they claim to be similarly situated, and Defendant City of Fort Wayne. Also before the Court is Plaintiffs' Amended Motion for Attorneys' Fees and Costs Pursuant to Rule 54(d). (Docket # 70.)

Pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1, District Judge Joseph S. Van Bokkelen referred these motions to the undersigned Magistrate Judge for the issuance of a Report and Recommendation. (Docket # 72.) Having reviewed the record, the undersigned Magistrate Judge recommends that the motions be GRANTED. This Report and Recommendation is based on the following facts and principles of

law.

## A. *Factual and Procedural Background*

On November 13, 2008, the Named Plaintiffs, who are all Fort Wayne police officers, filed this collective action against their employer, the City of Fort Wayne, alleging that they and other "similarly situated active and retired police officers of the Fort Wayne Police Department" were denied the proper use of accrued compensatory time "within a reasonable period after making the request" as required by the FLSA. (Joint Mot. ¶ 1; Docket # 1.) Three months later, the Court conditionally certified the collective action pursuant to a stipulation by the parties. (Docket # 19, 21.) After the notice period closed on April 1, 2009, 185 current and former employees of Defendant filed a timely consent to join the collection action to become opt-in class members. (Joint Mot. ¶ 4.)

The parties have since agreed to settle the collective action, subject to the District Court's approval. (Joint Mot. ¶ 8.) Hence, on August 31, 2010, they filed the joint motion seeking final class certification by the Court and approval of the settlement agreement, as well as the addition of four new opt-in plaintiffs, and Plaintiffs also filed an amended motion for attorneys' fees and costs. (Docket # 70, 71.) The settlement agreement proposes that the City of Fort Wayne pay $236,000 to the 192 Plaintiffs (i.e., 3 named Plaintiffs, 185 opt-ins, and 4 late opt-ins), consisting of $157,392 to the Plaintiffs on a pro-rata basis ($819.75 per Plaintiff) and $78,608 for attorneys' fees and costs.[1] (Joint Mot. Ex. A.) A hearing was held on the motions on September 14, 2010, at which oral argument was heard and Plaintiffs' attorney Richard Beers testified. (Docket # 76.)

---

[1] Under the agreement, Plaintiffs' counsel is entitled to 33.3% of the $236,000 common fund and is not seeking any additional fees for administering the settlement proceeds.

### B. Joint Motion to Add New Plaintiffs

In the Joint Motion, the parties explain that shortly after the close of the opt-in period, four other individuals alleged to have claims within the scope of this lawsuit submitted their consents. The parties have stipulated to the addition of these four individuals to the conditional class of plaintiffs, even though their opt-in consents were filed late. (Joint Mot. ¶ 5.) Therefore, the undersigned Magistrate Judge recommends that George Nicklow, Kimberly Seiss, Chad Squires, and Cary Young be added as opt-in plaintiffs, resulting in a total of 192 Plaintiffs in this collective action. (Joint Mot. ¶ 5.)

### C. Joint Motion for Final Class Certification

The parties also seek final certification of the FLSA class in the Joint Motion. Indeed, "[w]here the parties reach settlement after a court has conditionally certified a collective class, the court still must make some final class certification before approving a collective action settlement." *Carter v. Anderson Merchandisers, LP*, Nos. EDCV 08-0025-VAP (OPx), EDCV 09-216-VAP (OPx), 2010 WL 1946784, at *4 (C.D. Cal. May 11, 2010) (citations omitted)*; see also Anderson v. Cagle's, Inc*., 488 F.3d 945, 953 (11th Cir. 2007); *Burton v. Util. Design, Inc*., No. 6:07-cv-1045-Orl-22KRS, 2008 WL 2856983, at *2 (M.D. Fla. July 22, 2008); *Misra v. Decision One Mortg. Co.*, No. SACV 07-0994 DOC, 2009 WL 4581276, at *4 (C.D. Cal. Apr. 13, 2009); *Hopson v. Hanesbrands Inc*., No. CV 08-0844 EDL, 2008 WL 3385452, at *1-2 (N.D. Cal. Aug. 8, 2008).

"To maintain an opt-in class under [the] FLSA § 216(b), plaintiffs must demonstrate that they are 'similarly situated.'" *Carter*, 2010 WL 1946784, at *3 (quoting *Hipp*, 252 F.3d at 1217).

To reach this determination, a court "may weigh several factors, including: (1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the defendant which appear to be individual to each plaintiff, and (3) fairness and procedural considerations." *Id*. at 3, 5 (quoting *Pfohl v. Farmers Ins. Group*, No. CV03-3080 DT (RCX), 2004 WL 554834, at *2 (C.D. Cal. Mar. 1, 2004)); *see also Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001); *Jirak v. Abbott Labs.*, 566 F. Supp. 2d 845, 848 (N.D. Ill. 2008).

Here, the Court has heard the testimony provided by Attorney Beers, Plaintiffs' counsel, and concludes that the FLSA class members' claims arise from similar factual settings.[2] Attorney Beers testified that all Plaintiffs: are current or former members of the Fort Wayne Police Department ("FWPD") and hold the rank of patrolmen or detective; work various "A, B, and C" shifts; are beneficiaries of the collective bargaining agreement with the City of Fort Wayne; are entitled to, and do indeed accumulate, compensatory time; and were denied the use of such compensatory time. He elaborated that the Plaintiffs were often denied the use of compensatory time because each shift was at or below a minimum staffing level, meaning that they were needed "on the streets". He emphasized that the City's policy governing the use of compensatory time applied to all members of the FWPD and thus to all 192 Plaintiffs.

While Attorney Beers noted that there may be minor differences in the Plaintiffs' assignments (that is, detective versus patrolman and "A, B, or C" shift) and in the actual amount of compensatory time that a particular class member may have accrued or been denied, overall the differences are *de minimus* and should not preclude certification. "Where . . . there is

---

[2] The City of Fort Wayne posed no objection to any of Attorney Beers's testimony.

4

evidence that the duties of the job are largely defined by comprehensive corporate procedures and policies, district courts have routinely certified classes of employees . . ., despite arguments about 'individualized differences in job responsibilities.'" *Carter*, 2010 WL 1946784, at *5 (quoting *Damassia v. Duane Reade, Inc*., 250 F.R.D. 152, 160 (S.D.N.Y. 2008)).

Moreover, the City of Fort Wayne has not articulated any particularized defenses in this action, that is, their defenses would apply to *all* Plaintiffs, not just a particular Plaintiff. *See id*. In addition, "fairness and procedural considerations, including the number of plaintiffs in this case and the effectiveness of allowing them to pool their resources for litigation, also weigh in favor of collective treatment." *Id*. (quoting *Valladon v. City of Oakland*, No. C 06-07478 SI, 2009 WL 2591346, at *7 (N.D. Cal. Aug. 21, 2009)).

Consequently, the undersigned Magistrate Judge concludes that final certification of the FLSA class is appropriate.

### *D. Joint Motion for Approval of Settlement Agreement*

The parties also explain in the Joint Motion that they have "carefully and exhaustively engaged in extensive settlement negotiations", which culminated in an agreement to settle the lawsuit. (Joint Mot. ¶ 8.) They now seek the Court's approval of the proposed settlement agreement.

Indeed, "[s]tipulated settlements in a FLSA case must be approved by the Court . . . ." *Misiewicz v. D'Onofrio Gen. Contractors*, No. 08 CV 4377 (KAM)(CLP), 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010). "To determine the fairness of a settlement under [the] FLSA, 'the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id*.

5

(quoting *Tuan Le v. Sita Info. Networking Computing USA, Inc.*, No. 07-CV-86 (JS)(MLO), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). "The court must review settlements because there is a 'fear that employers would coerce employees into settlement and waiver'" of their claims. *Id.* (quoting *Tuan Le*, 2008 WL 724155, at *1).

"Normally, a settlement is approved where it is the result of 'contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'" *Id.* (quoting *Reyes v. Buddha-Bar NYC*, No. 08 CV 2494 (DF), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)). "Furthermore, 'courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness.'" *Id.* (quoting *Elliott v. Allstate Investigations, Inc.*, No. 07 CV 6078, 2008 WL 728648, at *1 (S.D.N.Y. Mar. 19, 2008)). When reviewing a FLSA class action settlement, a court normally considers the following factors:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.

*Id.* at *4 (quoting *Alleyne v. Time Moving & Storage, Inc.*, 264 F.R.D. 41, 54 (E.D.N.Y. 2010)); *see also Rotuna v. W. Customer Mgmt. Group*, No. 4:09CV1608, 2010 WL 2490989, at *6 (N.D. Ohio June 15, 2010).

Here, Attorney Beers testified that over a several-month period, counsel to the parties met numerous times to negotiate the settlement and participated in two full-day mediation

sessions with an experienced, private mediator. Thus, arriving at the settlement was a protracted process.[3] *See Carter*, 2010 WL 144067, at *6 ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." (citation omitted)). While no formal discovery took place, the parties did informally exchange information sufficient to gain a fairly clear understanding of the nature of the case and the claims advanced by Plaintiffs. *See Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG (BlM), 2010 WL 2196104, at *6 (S.D. Cal. June 1, 2010) ("In the context of class action settlements, as long as the parties have sufficient information to make an informed decision about settlement, 'formal discovery is not a necessary ticket to the bargaining table.'" (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998))).

Attorney Beers testified that based on this information, he and his co-counsel were able to estimate the likelihood of Plaintiffs' prevailing and a realistic amount of the verdict, which they thought to be in the range of $85,000 in actual damages. In that vein, while Attorney Beers was optimistic about the City of Fort Wayne's potential liability, he knew that at least on one shift there had been a practice by the patrol officers of shredding time records, which created a potential problem with respect to the claims.[4] He emphasized that considering all of these

---

[3] Attorney Beers testified that though this is his first FLSA collective action, he has represented the Fort Wayne Patrolmen's Benevolent Assocation ("PBA") for twenty-three years and deals with FLSA issues in his practice on almost a monthly basis. He also regularly negotiates contracts for the PBA that deal with FLSA issues.

[4] Attorney Beers noted that one substantial risk to the overall recovery is the fact that at some point the City of Fort Wayne presented the Named Plaintiffs with an offer of judgment under Federal Rule of Civil Procedure 68. Although Plaintiffs did not accept the offer, the fact that one was made and not accepted raised the specter that the whole case might be dismissed. *Cf. Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240 (11th Cir. 2003) (explaining that an offer of judgment that satisfies claims of class representatives renders them unable to proceed in that capacity); *Sandoz v. Cingular Wireless*, 553 F.3d 913 (5th Cir. 2008) (instructing that a Rule 68 offer moots claim of class representative only if the representative failed to file a timely motion to certify the class or the motion to certify is denied). The issue apparently is unresolved in the Seventh Circuit. *See Damasco v. Clearwire Corp.*, No. 10-cv-3063, 2010 WL 3522950, at *5-6 (N.D. Ill. Sept. 2, 2010) (noting lack of certainty on the topic and

factors and risks, he believed the amount of the settlement common fund, $236,000, was not only reasonable, but favorable. *See Houston v. URS Corp.*, No. 1:08cv203 (AJT/JFA), 2009 WL 2474055, at *5 (E.D. Va. Aug. 7, 2009) ("When a settlement agreement has been the subject of arms-length bargaining, with class counsel in a position to evaluate accurately the chances of the class prevailing if the case went to trial and where no objections are raised by any of the affected parties, there is a strong presumption in favor of the settlement.").

Furthermore, Attorney Beers represented that if the case does not settle, it is likely that all 192 Plaintiffs (as well as the ten shift commanders, the chief, and the deputy chief) will need to be deposed, which would take several months and incur a cost of between $500 and $1,000 per deposition. Thus, he and his co-counsel (contemplating other discovery as well) estimated that it would take an additional twelve to eighteen months to prepare for trial.

In addition, Attorney Beers testified that the Named Plaintiffs and the PBA are aware of the proposed settlement, and that all of the opt-in Plaintiffs are likely aware of it as well because it was published in the quarterly PBA newsletter. Not one member has expressed any criticism of the settlement. He further testified that while some Plaintiffs may have accumulated, or been denied the use of, more compensatory time than others, the Named Plaintiffs believe that the fairest approach is to spread the recovery equally among the class members due to the uncertainty concerning the compensatory time accumulated and denied and the fact that any differences are likely *de minimus*. Thus, all Plaintiffs are treated equally under the settlement; that is, the Named Plaintiffs do not receive any incentive payments for serving as lead plaintiffs. Moreover, as part of the settlement, all Plaintiffs will be required to release any claims arising

---

compiling cases); *but see Wrightsell v. Cook County, Ill.*, 599 F.3d 781, 783 (7th Cir. 2010) (noting in dicta that "involuntary settlements" under Rule 68 may not preclude class representatives from continuing the litigation).

out of this litigation, whether under the FLSA or state law wage and hour claims. *See Carter*, 2010 WL 1946784, at *11 (finding an FLSA settlement fair and reasonable where the Plaintiffs' release did not prevent them from pursuing claims unrelated to the lawsuit).

Therefore, given the amount of the actual cash settlement in comparison to the Plaintiffs' expected recovery; the Plaintiffs' potential lack of documentation problem; the rejected offer of judgment; the complexity, expense, and likely duration of the litigation; and Plaintiffs' representation that they wish to accept the settlement, the undersigned Magistrate Judge concludes that the settlement amount is fair, reasonable, and adequate and recommends that the settlement agreement be approved.

### E. Plaintiffs' Amended Motion for Attorneys' Fees and Costs

Finally, as part of the settlement, Plaintiffs seek the approval of $78,608 in attorneys' fees and costs, which constitutes 33.3% of the $236,000 common fund. The Court finds this amount to be reasonable.

To explain, a counsel fee of 33.3% of the common fund "is comfortably within the range typically charged as a contingency fee by plaintiffs' lawyers" in an FLSA action. *Faican v. Rapid Park Holdings Corp.*, No. 10 CV-1118, 2010 WL 2679903, at *2 (E.D.N.Y. July 1, 2010); *see McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713(PGG), 2010 WL 2399328, at *7 (S.D.N.Y. Mar. 3, 2010) (collecting cases and finding plaintiffs' attorneys' fee of 33% of the common fund to be reasonable); *Rotunda*, 2010 WL 2490989, at *8 (finding an attorney fee of one-third of the total plaintiffs' award to be reasonable and approved in similar FLSA collective actions); *Chemi v. Champion Mortg.*, No. 2:05-cv-1238 (WHW), 2009 WL 1470429, at *12 (D.N.J. May 26, 2009) ("Attorneys' fees of approximately 30 percent of the

9

common fund are . . . regularly awarded in labor and employment class actions."); *Kidrick v. ABC Television & Appliance Rental*, No. 3:97CV69, 1999 WL 1027050, at *2 (N.D. Wash. May 12, 1999) (finding a fee award in the range of 30% of the common fund to be reasonable in an FLSA collective action).

Furthermore, Plaintiffs' counsel submitted affidavits (Docket # 74, 75) showing that they actually incurred more than $156,000 in fees and expenses in this case through July 13, 2010. *See generally Sherman v. Gateway Elec. Med. Mgmt. Sys., Inc.*, Nos. 1:07-cv-0947-DFH-JMS, 1:07-cv-0433-DFH-JMS, 2009 WL 48150, at *3 (S.D. Ind. 2009) ("The best evidence of an attorney's market rate is evidence showing the rate the attorney actually charges and collects for his . . . services on a non-contingent basis."). Obviously, the $78,608 in fees negotiated as part of the settlement constitutes just one-half of that amount, lending further support to its reasonableness.

Moreover, this case carries a fair degree of complexity, as well as an uncertainty of outcome, enhanced by the City of Fort Wayne's offer of judgment that ratcheted up the risk to Plaintiffs in pursuing the action. Notwithstanding these factors, Plaintiffs' counsel was able to obtain a fair and adequate result for the class, with each member receiving $819.75. Therefore, considering all of these factors, the undersigned Magistrate Judge considers the $78,608 in Plaintiffs' attorneys' fees and costs, which constitutes 33.3% of the common fund, to be reasonable and recommends that the amount be approved.

### *F. Conclusion*

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Joint Motion for Addition of New Plaintiffs, Final Class Certification and Approval of Settlement

(Docket # 71) and Plaintiffs' Amended Motion for Attorneys' Fees and Costs Pursuant to Rule 54(d) (Docket # 70) be GRANTED.

The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

SO ORDERED.

Entered this 21st day of September, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge